JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

MAY 22 1986

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 687

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE GLASS TEMPERING SYSTEM PATENT LITIGATION (NO. II)

ORDER DENYING TRANSFER*

    This litigation presently consists of four actions, one each pending in the Central District of California, the Western District of Washington, the Southern District of Florida and the Northern District of Illinois. Before the Panel is a motion, pursuant to 28 U.S.C. §1407, by Glasstech, Inc. (Glasstech), a party in all actions, to transfer the actions to the Northern District of Ohio for coordinated or consolidated pretrial proceedings. Five defendants oppose transfer; if the Panel deems transfer appropriate, opponents favor the Northern District of Illinois as the transferee forum.

    On the basis of the papers filed and the hearing held, the Panel finds that Section 1407 transfer would not necessarily serve the convenience of the parties and witnesses or further the just and efficient conduct of the litigation. We recognize that these actions may share some questions of fact, but we note that all parties responding to the Glasstech Section 1407 motion oppose transfer. Additionally, we note that presently pending in the Illinois action is a motion to enjoin Glasstech from prosecuting the other three actions pending disposition of Glasstech's infringement claim in the Illinois action. This motion, if granted, would reduce to one the number of active actions in this litigation. See In re Allen Compound Bow Patent Litigation, 446 F. Supp. 248, 250 (J.P.M.L. 1978). In light of these factors, we are not persuaded that Section 1407 transfer is warranted. We also point out that in the event that all four actions remain active, suitable alternatives to transfer exist in order to minimize the possibility of duplicative discovery and/or conflicting pretrial rulings. See, e.g., In re Eli Lily and Company (Cephalexin Monohydrate) Patent Litigation, 446 F. Supp. 242, 244 (J.P.M.L. 1978). See also Manual for Complex Litigation, Second, §31.13 (1985).

    IT IS THEREFORE ORDERED that the motion for transfer pursuant to 28 U.S.C. §1407 of the actions listed on the attached Schedule A be, and the same hereby is, DENIED.

FOR THE PANEL:

*signature: Andrew A. Caffrey*

Andrew A. Caffrey
Chairman

---

* Judge Robert H. Schnacke took no part in the decision of this matter.

SCHEDULE A

MDL-687 -- In re Glass Tempering System Patent Litigation (No. II)

### Central District of California

Glasstech, Inc. v. Armour World Wide Glass Company, C.A. No. 86-1464 RG(MCX)

### Southern District of Florida

Glasstech, Inc. v. Fulton Glass Industries, et al., C.A. No. 86-0475

### Northern District of Illinois

Viracon, Inc. v. Selas Corporation of America, C.A. No. 83-C-4765

### Western District of Washington

Glasstech, Inc. v. Milgard Manufacturing, C.A. No. C-86-114T

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

NOV 25 1986

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 687

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE GLASS TEMPERING SYSTEM PATENT LITIGATION (NO. II)

ORDER DENYING MOTION FOR RECONSIDERATION*

On May 22, 1986, the Panel denied a motion by Glasstech, Inc. (Glasstech) to transfer the actions in this litigation, pursuant to 28 U.S.C. §1407, to the Northern District of Ohio for coordinated or consolidated pretrial proceedings. In re Glass Tempering System Patent Litigation (No. II), MDL-687 (J.P.M.L., filed May 22, 1986) (unpublished order).

Glasstech has now moved the Panel i) to reconsider its order denying transfer of the actions in this litigation, and ii) to transfer the actions, pursuant to 28 U.S.C. §1407, to the Northern District of Illinois for coordinated or consolidated pretrial proceedings. The Panel has fully considered this motion on the basis of the papers submitted,1/ and the Panel finds that no new grounds have been presented to justify reconsideration of its order denying transfer in this docket.

IT IS THEREFORE ORDERED that the motion for reconsideration be, and the same hereby is, DENIED.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

---

\*   Judge Louis H. Pollak took no part in the decision of this matter.

1/   The Panel has deemed this motion submitted on the basis of the papers filed.  See Rule 13(b), R.P.J.P.M.L., 89 F.R.D. 273, 282 (1981).